IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | C.A. No. 1:13-cv-166 |
| | § | |
| V. | § | |
| | § | |
| | § | |
| HUFFMAN CONSTRUCTION, INC., | § | |
| MICHAEL HUFFMAN, JEFFERY | § | |
| SCHULTZ AND LISA SCHULTZ | § | |
| | § | |
| *Defendants*. | § | JURY DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Evanston Insurance Company ("Evanston"), files this complaint for declaratory judgment against defendants, Huffman Construction, Inc., Michael Huffman, Jeffery Schultz and Lisa Schultz, and respectfully shows the Court the following:

## PARTIES

1. Plaintiff Evanston is an insurance company incorporated under the laws of Illinois and has its principal place of business in Deerfield, Illinois.

2. Defendant Huffman Construction, Inc. ("HCI") is a Indiana Corporation with its principal place of business in Nederland, Texas. HCI may be served with process through its registered agent, Michael Huffman, 333 Jones Lake Road, Tiki Island, Texas 77554.

3. Defendant Michael Huffman is an individual and resident of Texas. He may be served with process at 333 Jones Lake Road, Tiki Island, Texas 77554.

4. Defendant Jeffery Schultz is individual and resident of Texas. He may be served with process at 128 Troy Street, Bridge City, Texas 77611.

5. Defendant Lisa Schultz is an individual and resident of Texas. She may be served with process at 128 Troy Street, Bridge City, Texas 77611.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different states, as indicated above, and the amount in controversy exceeds $75,000, excluding interest and costs.

7. Venue is proper in the Eastern District of Texas, Beaumont Division pursuant to 28 U.S.C. § 1391(b)(1) because HCI resides in that district and division and all defendants are a resident of Texas. For purposes of venue, a defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). Mr. Huffman, Mr. Schultz and Ms. Schultz are subject to personal jurisdiction in Texas because they reside and conduct business in Texas.

## FACTS

8. This is an insurance coverage case. HCI seeks contractual indemnity from Evanston with respect to a case styled Cause No. A-0191855; *Jeffery Schultz and Lisa Schultz v. Huffman Construction, Inc. and Michael Huffman;* In the 58th Judicial District Court of Jefferson County, Texas (the "underlying lawsuit").[1]

9. The underlying lawsuit stems from an accident involving a 2012 Polaris RZR (the "ATV") which occurred on December 5, 2011 in Groves, Texas. Defendants Mr. and Mrs. Schultz filed the underlying lawsuit against HCI and Mr. Huffman, individually, alleging that Mr. Huffman was negligent in failing to control the ATV.

---

[1] A copy of Plaintiffs' Second Amended Original Petition is attached as Exhibit 1.

10.     The accident occurred at approximately 7:50 p.m. in a lot located in Groves, Texas. The lot is not owned by HCI or Mr. Huffman. Mr. Huffman and Mr. Schultz had been drinking before they decided to ride the ATV. Mr. Schultz and Mr. Huffman were "doing donuts" in the field when the accident occurred.

11.     HCI is in the commercial diving, salvage and disaster clean up business. Mr. Huffman purchased the ATV for his own personal use two months prior to the accident. The ATV was not used in connection with any of HCI's business and was occasionally used by Mr. Huffman for recreational and social purposes.

12.     Mr. Huffman and Mr. Schultz were the only ones operating the ATV the night of the accident. There were no subcontractors or clients of HCI at this social event. Mr. Huffman and Mr. Schultz are friends and have known each other since 2000.

13.     On January 29, 2013, Mr. and Ms. Schultz made a demand to settle the underlying lawsuit for HCI's available insurance policy limits under the *Stowers* doctrine.[2] On February 13, 2013, HCI tendered the demand and requested that Evanston pay its limits.[3] Evanston rejected the demand and filed this action seeking a declaration of its rights and obligations under the policies.

*The Policies*

14.     Evanston issued a following form excess liability policy number XOMW240411 to HCI for the June 5, 2011 to June 5, 2012 (the "Evanston policy")[4]. The Evanston policy has a limit of $2 million per occurrence and in the aggregate, and is excess over a commercial general liability policy number CSU0006832 issued by Cincinnati Specialty Underwriters Insurance

---

[2] A copy of Plaintiffs' January 29, 2013 letter is attached as Exhibit 2.
[3] A copy of the February 13, 2013 letter from HCI's defense counsel is attached as Exhibit 3.
[4] A copy of the Evanston policy is attached as Exhibit 4.

Company (the "Cincinnati policy")[5] for the same period with a limit of $1 million per incident, $2 million in the aggregate and a $2,500 deductible.

### *The Claims In The Underlying Lawsuit Do Not Fall Within The Insuring Agreement*

15. The insuring agreement of the Evanston policy provides:

> 1. The Company hereby agrees to pay on behalf of the Insured that portion of Ultimate Net Loss[6] in excess of the limits of Underlying Insurance[7] as shown in Item 4. of the Declarations, but only up to an amount not exceeding the Company's Limit of Liability as shown in Item 3. of the Declarations. Except for the Terms, Definitions, Conditions and Exclusions of this policy, the coverage provided by this policy shall follow the Insuring Agreements, Definitions, Conditions and Exclusions of the Controlling Underlying Insurance Policy as shown in Item 4. of the Declarations.

The insuring agreement of the Cincinnati policy provides that Cincinnati "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'[8] to which this insurance applies."

16. SECTION II – WHO IS AN INSURED of the Cincinnati policy provides in part:

> 1. If you are designated in the Declarations as:
>
> * * *
>
> b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

---

[5] A copy of the Cincinnati policy is attached as Exhibit 5.

[6] "Ultimate Net Loss" means:

> …the total amount of damages for which the insured is legally liable in payment of "bodily injury", "property damage", "personal injury", or "advertising injury." "Ultimate Net Loss" may be established by adjudication, arbitration, or a compromise settlement to which we have previously agreed in writing. "Ultimate Net Loss" shall be reduced by any recoveries or salvages which have been paid or will be collected, but the amount of "ultimate net loss" shall not include any expenses incurred by an insured, by us, or by any "underlying insurer."

[7] The term "Underlying Insurance" means "the policy or policies listed in Item 4. of the Declarations."

[8] The policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

    c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

17.    HCI is not insured under the Evanston and Cincinnati polices for its liability in the underlying lawsuit unless Mr. Huffman's operation of the ATV is with respect to his duties as an officer of HCI. Upon information and belief, Mr. Huffman's operation of the ATV was for recreational or personal use and not directly related to the company business. Mr. Huffman's recreational and social operation of the ATV, therefore, did not respect his duties as an officer or director of HCI.

*The Claims In The Underlying Lawsuit Are Precluded by the Employer's Liability Exclusion*

18.    The Contractors - Changes to Commercial General Liability Coverage Part endorsement of the Cincinnati policy precludes coverage for HCI's liability as an employer:

    **A.**    **Exclusion e. of Paragraph 2. Exclusions of Section I - Coverages, Coverage A. Bodily Injury and Property Damage Liability is deleted and replaced by the following:**

    "Bodily injury" to:

    1.    An "employee" of the insured arising out of and in the course of:

        a.    Employment by the insured; or

        b.    Performing duties related to the conduct of the insured's business; or

    2.    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph 1. above.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

To the extent Mr. Huffman and Mr. Schultz were within the course and scope of their employment with HCI at the time of the accident, the Contractors - Changes to Commercial General Liability Coverage Part endorsement would preclude coverage.

### *HCI breached its duties under the policies by admitting liability and refusing to cooperate in the investigation and defense of the underlying lawsuit.*

19. The Evanston policy requires that HCI provide its "full cooperation in the investigation, adjustment, settlement or defense of any claim or suit." The Evanston policy further requires that HCI "not make any admission of liability." HCI has a contractual obligation to defend against the underlying lawsuit and cooperate with Evanston in its defense. Mr. Huffman, however, gave deposition testimony before HCI was named in the underlying lawsuit and prior to giving notice of the suit to Evanston. Mr. Huffman has also made some admissions in the underlying lawsuits. To the extent Mr. Huffman's testimony or admissions in the underlying lawsuit prejudice HCI's defense against Plaintiffs' allegations of liability or damages, Evanston is relieved of its obligations under the policy.

### COUNT I – DECLARATORY JUDGMENT

20. Evanston incorporates by reference all preceding paragraphs.

21. For the reasons stated above, Evanston requests that the Court grant a declaratory judgment establishing that: (1) the underlying lawsuit does not fall within the insuring agreement of the Evanston and Cincinnati policies; or (2) HCI's liability in the underlying lawsuit are precluded by the Employer's Liability exclusion as modified by the Contractors - Changes to Commercial General Liability Coverage Part endorsement; or (3) HCI and Mr. Huffman's material breach of their duties under the Evanston policy prejudiced the defense of the underlying lawsuit and relieved Evanston of its obligations under the policy.

## JURY DEMAND

22.     Evanston demands a trial by jury on all issues of fact, if any.

## PRAYER

For these reasons, Evanston asks for judgment against the Defendants establishing that the Evanston policy does not afford indemnity or any other coverage for the underlying lawsuit, and for all other and further relief to which Evanston may show itself to be entitled.

DATED:     March 19, 2013

Respectfully submitted,

*/s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
Texas State Bar No. 00797732
E-mail: jziemianski@cozen.com

OF COUNSEL:

Nejat A. Ahmed
Texas State Bar No. 24034304
E-mail: nahmed@cozen.com

COZEN O'CONNOR
One Houston Center
1221 McKinney St., Suite 2900
Houston, Texas  77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

ATTORNEYS FOR PLAINTIFF